**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 24-4303**

———————

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

OSRIC TYRONE DAISE,

        Defendant - Appellant.

———————

Appeal from the United States District Court for the Eastern District of North Carolina, at Wilmington.  James C. Dever III, District Judge.  (7:10-cr-00152-D-1)

———————

Submitted:  August 25, 2025                    Decided:  September 10, 2025

———————

Before GREGORY, AGEE, and HEYTENS, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

**ON BRIEF:**  Paul K. Sun, Jr., Kelly Margolis Dagger, ELLIS & WINTERS LLP, Raleigh, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

In 2011, Osric Tyrone Daise pleaded guilty to robbery of a business engaged in interstate commerce and use of a firearm during and in relation to a crime of violence. The district court sentenced Daise to a total of 102 months' imprisonment and five years' supervised release. Daise began his supervised release term in May 2018. In July 2021, Daise pleaded guilty to possession of a firearm by a felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (2018), and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C). The district court revoked Daise's supervised release relating to his 2011 convictions and sentenced him to 48 months' imprisonment with no supervised release to follow. On appeal, Daise contends that his revocation sentence is plainly unreasonable. We affirm.

We "adopt a more deferential appellate posture" when reviewing a district court's sentence imposed upon revocation of supervised release. *United States v. Gibbs*, 897 F.3d 199, 203 (4th Cir. 2018) (citation modified). Because of the district court's "broad discretion" in imposing a revocation sentence, "we will affirm [the] sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Webb*, 738 F.3d 638, 640 (4th Cir. 2013) (citation modified). To determine whether a revocation sentence is plainly unreasonable, "we first consider whether the sentence imposed is procedurally or substantively unreasonable." *Id.* "Only if we find the sentence unreasonable must we decide whether [the sentence] is plainly so." *Id.* (citation modified).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Chapter Seven policy statement range[,

2

the parties' arguments,] and the applicable [18 U.S.C.] § 3553(a) sentencing factors." *United States v. Patterson*, 957 F.3d 426, 436-37 (4th Cir. 2020); *see* 18 U.S.C. § 3583(e) (setting forth § 3553(a) factors relevant to supervised release revocation proceedings). But "district courts cannot consider § 3553(a)(2)(A) when revoking supervised release," *Esteras v. United States*, 145 S. Ct. 2031, 2040 (2025) (citation modified), meaning the court cannot consider "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense, *i.e.*, the retributive purposes of sentencing," *id.* at 2039 (citing § 3553(a)(2)(A)). In explaining the sentence, "a court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (citation modified). Finally, "a revocation sentence is substantively reasonable if the court sufficiently states a proper basis for its conclusion that the defendant should receive the sentence imposed." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (citation modified).

In cases like Daise's, where "the defendant [did] not make the district court aware that it may be impermissibly relying on § 3553(a)(2)(A), then the defendant's appeal will be governed by plain-error review." *Esteras*, 145 S. Ct. at 2045; *see Rosales-Mireles v. United States*, 585 U.S. 129, 134-35 (2018) (discussing plain-error standard of review). "In that event, the district court's order revoking supervised release and requiring reimprisonment will be affirmed unless it is clear or obvious that the district court actually relied on § 3553(a)(2)(A)—because it did so either expressly or by unmistakable implication." *Esteras*, 145 S. Ct. at 2045 (citation modified). Because Daise did not bring

3

to the district court's attention that it might have impermissibly relied on § 3553(a)(2)(A), our review is for plain error.  *See id.*

In imposing the sentence, the district court adequately considered the policies underlying the supervised release statute, the various applicable sentencing factors, and the available sentencing options.  Although the court stated that Daise's offenses were "worthy of punishment" (J.A. 92),[*] "mere reference to such considerations does not render a revocation sentence procedurally unreasonable when [that] factor[] [is] relevant to, and considered in conjunction with, the enumerated § 3553(a) factors," *Webb*, 738 F.3d at 642; *see Esteras*, 145 S. Ct. at 2043-44 (observing that, "if the defendant's original offense was particularly violent, that fact might inform the [district] court's judgment as to whether revocation is necessary to protect the public from further crimes of the defendant" but that "the [district] court could not revoke based on the view that, given the violent nature of the underlying offense, the defendant deserve[d] additional punishment" (citation modified)); *see Webb*, 738 F.3d at 641.  Because the district court focused primarily on Daise's breach of trust and the need to protect the public from future crimes, we conclude that the district court did not plainly err in explaining the sentence and, therefore, that the revocation sentence is reasonable.

---

[*] "J.A." refers to the joint appendix filed by the parties.

Accordingly, we affirm the district court's revocation judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*